IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IRIS PINEDA LEIVA, *et al.*, | * | |
| Plaintiffs, | * | |
| vs. | * | Civil Action No. ADC-16-3765 |
| GBS TOWSON EAST d/b/a GINO'S BURGERS AND CHICKEN, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Iris Pineda Leiva, Gladis Brenes Casazola, Carla Pinto, and Geidi Oromon Ramos (collectively, "Plaintiffs") brought a collective action against GBC Towson East, LLC d/b/a Gino's Burgers and Chicken, Aberdeen GBC, LLC, Woodbine Ventures—Aberdeen, LLC, A & M Hospitality, LLC, Scott Autry, Jared Miller, and Bridgit Kincaid (collectively, "Defendants"), alleging violations of the Fair Labor Standard Act ("FLSA"), Maryland Wage Payment and Collections Act, and Maryland Wage Hour Law, quantum meruit, and discrimination under 42 U.S.C. § 1981. Currently pending before this Court is Plaintiffs' Partial Consent Motion to Revise Scheduling Order and For Other Relief (ECF No. 70) and Defendants' opposition thereto (ECF No. 71).[1] The parties' submissions have been reviewed, and no hearing is necessary. Loc.R. 105.6 (D.Md. 2016). For the reasons stated herein, Plaintiffs' motion is GRANTED IN PART as to Plaintiff's consented motion to revise the Scheduling Order and DENIED IN PART, without prejudice, as to Plaintiffs' motion to toll the statute of limitations for class members.

---

[1] On July 13, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

1

### A. Modifying The Parties' Scheduling Order

Plaintiffs' motion includes a request to modify the parties' Scheduling Order (ECF No. 28). The motion states that all parties consent to extending the deadlines, ECF No. 70 at 4–5, and Defendants' partial opposition acknowledges their consent to the proposed extension, ECF No. 71 at 4. The Court will grant the parties' consensual motion to revise their March 23, 2017 Scheduling Order, which shall be modified in accordance with the accompanying Order.

### B. Tolling The Statute of Limitations

Plaintiffs next propose that the Court toll the statute of limitations "for class members who are former employees of the Aberdeen restaurant by three months to account for Defendant Autry's delay, allowing them to recover for unpaid wages and damages incurred between three years and three months prior to their opt-in date and the present." ECF No. 70 at 5. Plaintiffs argue that "[t]olling is the only means of ensuring that such potential Plaintiffs do not suffer the diminution or extinguishment of their claims as a result of Defendant Autry's delay, in violation of this Court's order, in providing information to Plaintiffs as needed to achieve the distribution of notice." *Id.* Defendants counter that Plaintiffs have failed to demonstrate that they are entitled to equitable tolling because they have failed to meet their burden for establishing a basis for the doctrine's application and for a willful FLSA violation which would entitle them to a three year statute of limitations, rather than a two year statute of limitations. ECF No. 71 at 6–8. Furthermore, Defendants argue that a blanket tolling request extending the statute of limitations for claims against all Defendants where only Defendant Autry failed to timely produce certain information would be inequitable. *Id.* at 9.

The FLSA has a two-tiered statute of limitations. 29 U.S.C. § 255(a). For ordinary violations there is a two-year statute of limitations. *See* 29 U.S.C. § 255(a); *Desmond v. PNGI*

*Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011). For "willful" violations there is a three-year statute of limitations. *Desmond*, 630 F.3d at 357. Unlike claims under Rule 23 of the Federal Rules of Civil Procedure, which automatically toll upon filing the class action, the limitations period for FLSA collective actions continues to run for each individual plaintiff until he or she files written consent to the suit. 29 U.S.C. § 256(b).

"Equitable tolling is appropriate in two circumstances: first, when the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant, and second, when extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (internal quotation marks omitted) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Equitable tolling is a rare remedy available only where the plaintiff has exercised due diligence in preserving [its] legal rights." *Id.* (internal quotation marks omitted) (quoting *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002)). Thus, the "circumstances under which equitable tolling has been permitted are ... quite narrow." *Harbourt v. PPE Casino Resorts Md., LLC*, Nos. CCB-14-3211, CCB-16-339, 2017 WL 281992, at *2 (D.Md. Jan. 23, 2017) (quoting *Chao*, 291 F.3d at 283).

Courts have granted equitable tolling in FLSA cases where potential opt-in plaintiffs lack notice of the lawsuit because the employer failed to comply with its notice obligations. *See, e.g., Cruz*, 773 F.3d at 146–47. Courts have denied equitable tolling requests, however, on the grounds that procedural delays were not extraordinary in nature. *Harbourt*, 2017 WL 281992, at *3. "Under the FLSA, the filing of the complaint in itself is not enough to permit tolling of potential plaintiffs' claims. Inevitably some plaintiffs' claims may expire before they receive notice, even where conditional class certification is sought and granted at an early stage of the

litigation." *Id.* Even though Plaintiffs have offered evidence of conduct by Defendant Autry that could support equitable tolling, given the statutory framework and the narrow circumstances under which the Fourth Circuit has permitted equitable tolling, the circumstances in this case are not "extraordinary" enough to support a general tolling of the statute of limitations. Therefore, the Court will deny plaintiffs' motion as to tolling the statute of limitations, but the Court does so without prejudice so that any potential plaintiffs whose notice was delayed by Defendant Autry's actions may file a motion for equitable tolling with the Court for its consideration.

                                                              */s/ A. David Copperthite*     10/18/2017  
                                                              A. David Copperthite  
                                                              United States Magistrate Judge